UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN H. GARVEY,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

Civil Case No. 14-201 (RJL)



MEMORANDUM OPINION
(August 2⊥, 2014) [Dkt. #4]

Plaintiff Martin H. Garvey brings this action against the Department of Justice for failure to disclose information pursuant to the Freedom of Information Act ("FOIA"). *See generally* Am. Compl. [Dkt. #3]. Plaintiff seeks material regarding an ethics opinion requested by and provided for a prosecutor in plaintiff's prior criminal case. *Id.* Plaintiff moves for summary judgment ordering that the defendant is required to produce the requested records. Pl.'s Mot. and Mem. in Support of Mot. for Summ. J. ("Pl.'s Mot.") [Dkt. #4]. After due consideration of the parties' pleadings, the relevant law, and the entire record herein, plaintiff's motion is DENIED.

## BACKGROUND

In 2008, Mr. Garvey and four others were indicted in the Southern District of Florida. Pl.'s Mot. at 1. Garvey and the co-defendant that was tried alongside him were acquitted of all charges. *Id.* However, another co-defendant, Laurence Issacson, was tried in a separate trial and convicted. *Id.* at 1-2. Mr. Garvey later learned that the

1

prosecuting attorney, Assistant United States Attorney Harold Schimkat, had a possible conflict of interest based on his wife's employment at the same law firm as the attorney who represented a major government witness in both trials: co-defendant Milton Barbarosh. *Id.* at 2. In response to a motion to vacate the convicted co-defendant's sentence, AUSA Schimkat represented that there was no conflict of interest and that he had, "[a]s a precautionary measure," sought and received a formal opinion from the General Counsel's Office of the Executive Office for United States Attorneys ("EOUSA") in Washington regarding his wife's employment. Govt.'s Resp. to Laurence Issacson's Mot. for New Trial Pursuant to Rule 33 at 2, *United States v. Issacson*, No. 08-CR-20071 (S.D. Fla. July 23, 2012), ECF No. 1223 [Dkt. #4-1]. The final opinion concluded there was no conflict of interest. *Id.* at 2-3.

In September 2013, Mr. Garvey submitted a FOIA request to the Department of Justice's Executive Office for United States Attorneys seeking "1) the formal ethics opinion request of AUSA Schimkat to the General Counsel at the Executive Office for United States Attorneys, and 2) the actual formal ethics opinion report issued by the General Counsel at the Executive Office for United States Attorneys regarding AUSA Schimkat's wife's employment at Carlton Fields and any potential conflicts of interest that might be cause for AUSA Schimkat's recusal in [Mr. Garvey's criminal case]."[1] Decl. of Kathleen Brandon ("Brandon Decl."), Exh. D [Dkt. #15-1].

---

[1] Mr. Garvey originally also requested his signed indictment and the vote of the grand jurors, Am. Compl. ¶ 9, but has since indicated that he will not pursue that request because the Department of Justice has responded that it does not have the documents, Pl.'s Notice to the Court [Dkt. #12].

2

The EOUSA responded in March 2014, indicating that its searches had identified six pages of documents in U.S. Attorneys' Office files that may be responsive to Mr. Garvey's request. Brandon Decl., Exh. F. The government describes the documents as follows:

1) A one-page email chain in which AUSA Schimkat sent a Memorandum to the office's Ethics Advisor, who forwarded the email and Memorandum to the General Counsel's Office in the EOUSA, along with the Advisor's factual summary, legal opinion, and request for review.
2) The three-page Memorandum prepared by AUSA Schimkat seeking a legal and ethical opinion, which is marked as "Privileged & Confidential" and states that the information contained therein "is of a personal and sensitive nature and should be kept confidential by anyone receiving it to the fullest extent possible."
3) A two-page General Counsel's Office "Opinion" containing facts and legal analysis relating to AUSA Schimkat and other third parties.

Brandon Decl. ¶ 21. Mr. Garvey's request was denied. Brandon Decl., Exh. F. The EOUSA cited three FOIA exemptions as its reasons for withholding the records—Exemptions 5, 6, and 7C—and indicated that it had reviewed the documents to determine if any information could be segregated for release. *Id.* All six pages were withheld in full. *Id.*

Mr. Garvery now seeks injunctive relief from this court ordering the Department of Justice to produce the requested records in their entireties. Am. Compl. at 4. He moves for summary judgment, Pl.'s Mot., and the defendant opposes, Def.'s Opp'n to Pl.'s Mot. for Summ. J. ("Def.'s Opp'n") [Dkt. #15].

## LEGAL STANDARD

"When assessing a motion for summary judgment under FOIA, the Court shall determine the matter *de novo*." *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 598

F. Supp. 2d 93, 95 (D.D.C. 2009) (citing 5 U.S.C. § 552(a)(4)(B)). Summary judgment is appropriate when the record demonstrates that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the burden, and the court will draw "all justifiable inferences" in the favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nevertheless, the non-moving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (internal quotation marks omitted) (alteration in original).

When reviewing an agency's non-disclosure decisions, the court may rely on affidavits or declarations if they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007) (internal quotation marks omitted).

4

## ANALYSIS

"The Freedom of Information Act was conceived in an effort to permit access by the citizenry to most forms of government records. In essence, the Act provides that all documents are available to the public unless specifically exempted by the Act itself." *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973). FOIA codifies nine exemptions (some with additional subparts), 5 U.S.C. § 552(b)(1)-(9), which are to "be construed narrowly" to fulfill the purposes of the Act, *Vaughn*, 484 F.2d. at 823.

Three such exemptions were claimed by defendant here. Under FOIA Exemption 5, the government may withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 6 applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *Id.* § 552(b)(6). Finally, "records or information compiled for law enforcement purposes [are exempt], but only to the extent that production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* § 552(b)(7).

Mr. Garvey argues that "any privilege or exemption that might protect the request and report from production has been waived as a result of the government's reliance on the content of the ethics report" in responding to the motion for a new trial in his co-defendant's case. Pl.'s Mot. at 2. The defendant maintains that the exemptions were invoked properly, but does not address the question of waiver specifically. Def.'s Opp'n.

Although the defendant ultimately bears the burden of establishing the applicability of the exemptions it claims, *Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003), the Department of Justice is not requesting summary judgment in its favor.[2] Only Mr. Garvey is. In so moving for summary judgment, Mr. Garvey is asking this Court to find, on the basis of the record before it, that the defendant improperly applied all three FOIA exemptions it relied upon when withholding the records at issue. Unfortunately for Mr. Garvey, the record does not support such a conclusion.

## A. Exemption 6

I begin with Exemption 6, for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The Supreme Court has interpreted the term "similar files" broadly so as "to cover detailed Government records on an individual which can be identified as applying to that individual." *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982) (internal quotation marks omitted). "When disclosure of information which applies to a particular individual is sought from Government records, courts must determine whether release of the information would constitute a clearly unwarranted invasion of that person's privacy." *Id.* Although certain types of files are mentioned by name in the statute, "it is not the nature of the files in which the information is contained,

---

[2] Although the defendant has not filed a cross-motion for summary judgment to date, this opinion should encourage the Department to do so.

but rather the balance of public and private interests that determines the Exemption's scope." *Schoenman v. FBI*, 575 F. Supp. 2d 136, 158 (D.D.C. 2008).

Even in the case of information that applies to particular individuals, FOIA demands disclosure if "no significant privacy interest is implicated (and if no other Exemption applies)." *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989). A significant privacy interest as applied in this context (sometimes called a substantial privacy interest) is anything greater than a *de minimis* privacy interest. *Id.*; *see also Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1229-30 (D.C. Cir. 2008) ("A substantial privacy interest is anything greater than a *de minimis* privacy interest."). If there is a substantial privacy interest, then the Court "address[es] the question whether the public interest in disclosure outweighs the individual privacy concerns." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 35 (D.C. Cir. 2002). At that point, the inquiry into the public interest "is limited to the question whether disclosure will shed light on the agency's performance of its statutory duties." *Id.* (internal quotation marks omitted).

Here, the defendant has offered evidence that the documents contain information regarding particular individuals. All three documents, the government witness declares, "contain information that would be found in a personnel file, or as similar file. They are confidential, and contain the personal information of AUSA Schimkat and third parties." Brandon Decl. ¶ 28. The individuals have more than a *de minimis* privacy interest in records requesting an ethics opinion and the ethics opinion itself when those records contain personal factual information. The EOUSA determined that there was no public

7

interest in disclosure, "because the dissemination of this personal information would not help to explain the activities and the operations of the USAO," *id.* ¶ 29 n.6, and Mr. Garvey has not argued or offered any evidence to the contrary, *see generally* Pl.'s Mot.

Accordingly, I conclude that although the government's assertions are not detailed, they suffice at least to create a genuine issue of material fact as to whether the information warrants withholding under Exemption 6, and Mr. Garvey is not entitled to summary judgment.

## B. Exemption 7(C)

Even if Exemption 6 were not to apply, the defendant has invoked other exemptions, including Exemption 7(C). Exemption 7(C) covers any "records or information compiled for law enforcement purposes," the production of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). If the records in question were compiled for law enforcement purposes, the Court must "balance the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *Beck v. Dep't of Justice,* 997 F.2d 1489, 1491 (D.C. Cir. 1993) (internal quotation marks omitted). The Supreme Court recognizes that "Exemption 7(C)'s privacy language is broader than the comparable language in Exemption 6." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 756 (1989).

Although the "usual rule [is] that the citizen need not offer a reason for requesting the information," that practice does not apply to a challenge to Exemption 7(C). *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 172 (2004). Instead, "Exemption

8

7(C) imposes a special burden on the requester to specify the public interest justification for disclosure of the requested records." *Graff v. FBI*, 822 F. Supp. 2d 23, 33 (D.D.C. 2011) (further explaining that "because the public interest justification in each case depends on how the requester plans to use the records or information, the agency must obtain that justification from the requester in order to balance it against the third party's privacy interest.").

In this case, the records in question were compiled for law enforcement purposes. They were created by government prosecutors or other employees of prosecuting offices during the course of, and for the purpose of, a criminal proceeding. Brandon Decl. ¶ 29. Therefore, this exemption also calls for a balance of the privacy interests implicated. As described above, Mr. Garvey failed to establish the government improperly invoked the narrower Exemption 6, and he fares no better here. The third parties at issue have a privacy interest in their personal information remaining private. And again, Mr. Garvey has not specified the public interest justification for the disclosure he requests. The government need not "guess what the requesters had in mind and . . . catalogue the possible public reasons for disclosure" in order to invoke the Exemption. *Graff*, 822 F. Supp. 2d at 33.

Mr. Garvey has failed to establish that the defendant's reliance on the personal privacy exemptions—Exemptions 6 and 7(C)—was improper.[3] Thus, he is not entitled to summary judgment on his request that the Department of Justice produce the potentially

---

[3] Mr. Garvey does not raise the issue of segregability. In any event, the defendant has offered evidence that "[t]he records are not segregable, without risking the disclosure of protected and/or privileged information or identifying one or more of the third parties." Brandon Decl. ¶ 32.

9

responsive documents. I need not, and do not, consider the question of whether Exemption 5 applies.

## CONCLUSION

For all of the foregoing reasons, the plaintiff's Motion for Summary Judgment [Dkt. #4] is DENIED. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge